IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CARL ROBERT DOMINGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0231 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On August 12, 2005[1], petitioner CARL ROBERT DOMINGUEZ, a state prisoner confined in the Jordan Unit, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges three convictions, the first for the offense of aggravated assault with a deadly weapon in Cause No. 44,292-B, the second for the offense of possession of a controlled substance in Cause No. 44,785-B, and the third for the offense of aggravated assault with a deadly weapon in Cause No. 43,985-B, all convictions out of the 181st Judicial District Court of Potter County, Texas. On April 22, 2002, petitioner was sentenced to 8-year, 10-year and 8-year sentences respectively.

On November 10, 2005, respondent filed an answer to petitioner's habeas application, asserting therein that petitioner's application is time barred. For the reasons set forth in

---

[1] Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

respondent's response and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
## PROCEDURAL HISTORY

As set forth above, petitioner was found guilty of two counts of assault with a deadly weapon and one count of possession of a controlled substance and on April 22, 2002, he was sentenced to confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for periods of 8 years, 8 years and 10 years respectively, such terms to run concurrently. Petitioner directly appealed his convictions and sentences to the Court of Appeals for the Seventh District of Texas. On February 12, 2004 the Seventh Court of Appeals dismissed petitioner's appeals of his aggravated assault convictions in an unpublished opinion. *Dominguez v. State*, Nos. 07-02-0230-CR, 07-02-0232-CR (Tex.App. - - Amarillo, 2004, no. pet.). Also on February 12, 2004, the Seventh Court of Appeals affirmed petitioner's possession of a controlled substance conviction in an unpublished opinion. *Dominguez v. State*, Nos. 07-02-0231-CR, (Tex.App. - - Amarillo, 2004, no. pet.). Petitioner did not file a petition for discretionary review in any of his convictions. On April 1, 2005, petitioner filed a state habeas writ application in each of his three cases, and such petitions were denied without written order by the Texas Court of Criminal Appeals on July 27, 2005. *Ex parte Dominguez*, App. No. 62,133-01 at cover, -02 at cover, -03 at cover.    On August 12, 2005, petitioner executed the instant federal habeas application.[2]

---

[2] See Footnote No. 1.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. He was denied effective assistance of counsel because his attorney:
   a. failed to properly investigate;
   b. failed to contact or subpoena his neighbors as witnesses;
   c. failed to pursue fingerprint evidence;
   d. failed to obtain police reports of prior attacks by the victim against him;
   e. coerced him into pleading guilty;
   f. failed to file pre-trial motions regarding special instructions on defenses;
   g. failed to file motions to exclude mentioning extraneous offenses; and
   h. failed to file a motion to have the cases tried in their order of occurrence;

2. He was denied due process because his trial was conducted in reverse order of their occurrences;

3. He was denied due process because he expected to receive probation;

4. The trial court wrongly admitted extraneous offense evidence;

5. His guilty plea was involuntary because:
   a. he was advised he would probably receive probation; and
   b. he was advised that if he did not accept a plea on his aggravated assault charges, the sentences would be stacked;

6. The state statutes allowing the introduction of extraneous offenses during the punishment phase of trial are unconstitutional; and

7. The trial court failed to provide him with his allocution rights.

## III.
## AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996

[hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus. The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final. In

instances such as these, the limitation period would begin on the applicable post-conviction date.

The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As discussed *supra*, petitioner was sentenced on April 22, 2002, he directly appealed, and his convictions and sentences were either dismissed or affirmed on February 12, 2004. Therefore, petitioner had until March 15, 2004 to file any petition for discretionary review.[3] When he failed to file a petition for discretionary review, his convictions became final on March 15, 2004 and he would have had one year, or until March 15, 2005, to file the instant federal habeas application, absent any tolling pursuant to the provisions of 28 U.S.C § 2244(d)(2). Petitioner's first state habeas applications weren't filed until April 1, 2005, consequently, such filings had no tolling effect.

Therefore, petitioner's federal habeas application, which was not filed until August 12, 2005, is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CARL ROBERT DOMINGUEZ be DISMISSED as time barred.

## V.

---

[3] Pursuant to Tex. R. App. P. 68.2(a) petitioner has thirty (30) days in which to file his PDR. The thirtieth day fell on Saturday, March 13, 2004, therefore petitioner would have had until the following Monday, March 15, 2004.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).